IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 10-47-LPS |
| BRUCE E. COSTA, JR., | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

At Wilmington, this 14th day of **December, 2012**:

WHEREAS, sentencing of the Defendant is scheduled for December 20, 2012 (D.I. 140);

WHEREAS, any Sentencing Memorandum submitted in connection with the sentencing hearing may be filed under seal only with the prior approval of the Court (D.I. 95);

WHEREAS, Defendant filed his Sentencing Memorandum under seal without requesting appropriate leave of the Court (D.I. 141);

WHEREAS, the Court ordered Defendant to show cause why the Clerk of Court should not unseal the Sentencing Memorandum (*Id.*);

WHEREAS, Defendant having filed an unopposed Motion to Seal certain portions of his Sentencing Memorandum (D.I. 146);

WHEREAS, an individual affiliated with the Associated Press ("AP") having written the Court requesting that "Costa's sentencing memorandum be unsealed, or at the very

1

least be filed in a narrowly redacted manner;"[1]

WHEREAS, the Court having ordered the parties to respond to the AP correspondence and having granted leave to file their responses under seal (D.I. 148);

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. Defendant's unopposed Motion to Seal Portions of Sentencing Memorandum (D.I. 146) is GRANTED. Defendant has a compelling interest in sealing the portions of his Sentencing Memorandum he seeks to seal. Moreover, there is a substantial probability that the absence of sealing would harm the compelling interest, and there are no alternatives to sealing that would adequately protect the compelling interest. *See Press-Enterprise Co. v. Superior Court of Cal., County of Riverside*, 478 U.S. 1, 13-14, 28 (1986).

2. Defendant shall file an unsealed Sentencing Memorandum, consistent with his unopposed request, by **Monday, December 17, 2012**.

3. To the extent that they have not done so already, both sides shall also file

---

[1] On December 11, 2012, the Court received the following email message from Randall Chase of AP: "I write on behalf of myself and other members of the Delaware media asking that Judge Stark take judicial notice of our request for him to deny the motion to seal filed on Dec. 10, 2012 by defendant Costa in criminal action 10-47. As Judge Stark has previously noted, Costa has already violated court rules by filing his pre-sentencing memorandum under seal without prior court permission (see D.I 141). Nor did defendant Costa even bother to file a redacted version of his presentencing memorandum. In his motion to seal (D.I. 146) defendant Costa fails to state a sufficient reason for sealing the record, instead asserting vaguely, without proper explanation, that the disclosure of certain information in sec. IIA of his memorandum could result in a "potential" threat to Costa and his family. Costa has not demonstrated that he or any member of his family would face any particularized harm, and fails to describe in his publicly filed motion the type of information he wants sealed. That leaves the media and other members of the public at a disadvantage in deciding whether to formally object to the motion. We respectfully submit that the provisions of federal rules of criminal procedure 32(d)(3) and 49.1 adequately protect the defendant's privacy rights, as they may exist, and ask that Costa's sentencing memorandum be unsealed, or at the very least be filed in a narrowly redacted manner."

unsealed, redacted versions of all sentencing-related documents by **Monday, December 17, 2012.**

4. No further sealed submissions relating to the sentencing shall be submitted without leave of the Court.

_____
UNITED STATES DISTRICT JUDGE